UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENARD A. ROWELL,

Plaintiff,

v. Case No. 26-CV-1178

CO MIKULA,
K. GABOR,
CAPT. SCARDINO, and
AMY VAUGHN,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Denard A. Rowell, who is currently housed in the Waukesha County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On July 17, 2026, Plaintiff filed a "civil complaint amendment." (ECF No. 6.) Plaintiff's motion fails to comply with the local rule governing amendment of pleadings. Civil Local Rule 15(b) states:

> A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleadings must be filed as an attachment to the motion to amend.

Plaintiff has failed to file a proposed amended complaint that contains all of his allegations and instead requests that the Court accept his supplemental allegations. The Court will not allow Plaintiff to supplement his complaint with piecemeal allegations because it makes it difficult for the defendants "to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). Therefore, the Court will strike Plaintiff's civil complaint amendment. The Court now

turns to Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### Motion for Leave to Proceed without Prepayment of the Filing Fee

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The Court finds that Plaintiff lacks the assets and means to pay an initial partial filing fee, so the Court waives that obligation. 28 U.S.C. § 1915(b)(4). Plaintiff will be required to pay the $350 statutory filing fee over time as set forth in § 1915(b). Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

### Screening of the Complaint

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

Plaintiff was taken into custody for violating electronic monitoring rules. Lt. Chamberlain told Plaintiff that Plaintiff needed to have someone send or bring a phone to the jail, so that Plaintiff could be reached at all times, and that Plaintiff needed to provide an address that would be his stable housing. Plaintiff obtained a phone and an address. Electronic Monitoring Officer K. Gabor

acknowledged that she received notice that Plaintiff met both requirements on June 22, 2026. Officer Gabor informed Plaintiff that they would work on releasing Plaintiff on June 23, 2026, but Plaintiff was not released because either Officer Gabor, Shallow, or Jail Administrator Amy Vaughn decided that the Sex Offender Registry Program (SORP) of the Wisconsin Department of Corrections needed to be contacted, because SORP has Plaintiff on lifetime GPS tracking. Plaintiff told Officer Gabor that he told SORP that he should not be subject to lifetime monitoring because he was only sentenced to 10 to 15 years of monitoring. Plaintiff suggests that Officer Gabor involved SORP to delay his release. (ECF No. 1 at 3–4.)

The night before Plaintiff's release, Lt. Bucholtz was involved in searching Plaintiff's cell. On June 24, 2026, CO Mikula wrote Plaintiff an infraction for possessing a baton and a sharpened toothbrush. The hearing officer told Plaintiff that if he did not waive the 24 hours to have a hearing, he would not be released. The hearing officer found Plaintiff guilty of the violations, without relying on DVR review. Plaintiff asked if an appeal would impact his release. The hearing officer advised that, either way, his release could not be guaranteed because Jail Administrator Vaughn was involved. Plaintiff subsequently filed an appeal. On June 30, 2026, Captain Scardino denied Plaintiff's appeal. Plaintiff was placed on administrative segregation, lock-in protocol, and ten days of cell restriction. (*Id.* at 4–6.)

Jail Administrator Vaughn, without hard evidence, suspended Plaintiff's electronic monitoring release and sent Plaintiff's sentencing judge a referral to revoke his electronic monitoring and Huber release. She indicated that Plaintiff is a threat to the community and should not be released because he possessed weapons in jail. The sentencing judge revoked Plaintiff's electronic monitoring and Huber release. Plaintiff seeks monetary damages. (*Id.* at 5–6.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Defendants violated his constitutional rights by not immediately releasing him from custody on electronic monitoring. Yet, "no court has held that the Fourth Amendment compels the release of sex offenders who lack lawful and approved living arrangements." *Smith v. Anderson*, 874 F.3d 966, 968 (7th Cir. 2017) (citing *Brown v. Randle*, 847 F.3d 861, 864 (7th Cir. 2017)). The Court cannot infer from the allegations contained in the complaint that Defendants violated Plaintiff's constitutional rights by verifying information with the Wisconsin Department of Corrections before releasing him on electronic monitoring.

Plaintiff also asserts that he was denied due process during his disciplinary hearing. To state a Fourteenth Amendment due process claim, a plaintiff must allege that (1) he was deprived of a constitutionally protected liberty interest and (2) the procedures he was afforded were constitutionally deficient. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). The protections of the due process clause only apply to prison disciplinary proceedings that result in extended prison sentences or the disciplinary confinement imposes an "atypical and significant hardship on the inmate in retaliation to the ordinary incidents of prison life." *Id.* at 964–65 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court looks at the "combined import" of the duration of the confinement and the conditions endured. *Id.* (citing *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). Once a liberty interest has been invoked, the Court looks to what process

was due. *Id.* at 965–66. An inmate who is facing transfer to disciplinary confinement is entitled to "informal, nonadversarial due process" with substantial discretion and flexibility left to prison administrators. *Id.* (citing *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires only that an inmate be provided (1) "notice of the reasons for the inmate's placement" in confinement and (2) "an opportunity to present his views." *Id.*

According to the complaint, Plaintiff was placed in administrative segregation and received ten days of cell restriction. Plaintiff's placement in administrative segregation and receipt of ten days of cell restriction does not trigger the protections of the due process clause. Plaintiff does not allege any specific facts about the conditions of his confinement. The fact that he received administrative segregation and cell restrictions is not, on its own, sufficient to trigger a liberty interest. *See id.* at 964 (noting that, under Seventh Circuit precedent, six months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009))). Plaintiff has failed to establish facts from which the Court can reasonably infer that Plaintiff had a constitutionally protected liberty interest. Therefore, Plaintiff has failed to state a Fourteenth Amendment due process claim.

Plaintiff's claim for damages based on his prolonged confinement is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner cannot bring a claim for damages under 42 U.S.C. § 1983 if the claim "calls into question the lawfulness of his confinement, unless he can demonstrate that the underlying confinement has been invalidated through a direct appeal, postconviction relief, or some other means." *Hatcher v. Saldana*, No. 21-3104, 2022 WL 17668178, at *1 (7th Cir. Dec. 14, 2022). Plaintiff seems to challenge the revocation of his electronic monitoring and Huber release. However, "no state or federal court has invalidated his

confinement." *Id.* Therefore, Plaintiff cannot proceed on his claim for damages based on the fact that the sentencing judge revoked Plaintiff from being monitored electronically.

Plaintiff also seems to challenge SORP's determination that he is subject to lifetime monitoring. When a plaintiff seeks "a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Challenges close to the core of habeas corpus must be brought, if at all, under the specific federal habeas corpus statute—such as § 2254—which was explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement." *Stokes v. Garnett*, No. 25-1373, 2026 WL 2086187, at *1 (7th Cir. July 20, 2026) (cleaned up). This applies to challenges to a term of supervised release. *See Pettis v. United States*, 129 F.4th 1057, 1061 (7th Cir. 2025). Plaintiff cannot "use a § 1983 action to challenge the fact or duration of his confinement." *Wilkerson*, 544 U.S. at 78. Instead, he must do so by filing a habeas corpus petition. *See Stokes*, 2026 WL 2086187, at *1 (citations omitted).

Plaintiff has failed to state a claim upon which relief can be granted. If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **September 2, 2026**, that cures the deficiencies identified in this decision. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements. Plaintiff should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's civil complaint amendment (ECF No. 6) is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 2, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on August 4, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge