UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENARD A. ROWELL,

Plaintiff,

v. Case No. 26-CV-1178

CO MIKULA,
K. GABOR,
CAPT. SCARDINO,
AMY VAUGHN,
T. LEWANDOWSKI,
CO PETERSON, and
CAPT. SHALLOW,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Denard A. Rowell, who is currently housed at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On August 4, 2026, the Court screened and dismissed Plaintiff's complaint for failing to state a claim upon which relief can be granted but allowed Plaintiff the opportunity to file an amended complaint. (ECF No. 8.) Plaintiff has filed an amended complaint, and the Court will screen it pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are

just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

At all times relevant, Plaintiff was housed at the Waukesha County Jail. Plaintiff asserts that he obtained a phone and stable housing to be released on electronic monitoring. However, before releasing Plaintiff on June 22, 2026, K. Gabor contacted the Wisconsin Department of Corrections - Sex Offender Registration Program (DOC-SORP) regarding Plaintiff's GPS location monitoring. Plaintiff told Gabor that he is not lawfully required to wear a GPS location monitor and should not be on the sex offender registry, but she contacted DOC-SORP anyway. Plaintiff asserts that this extra condition—coordination with DOC-SORP—was an excuse to deny or delay Plaintiff's release on electronic monitoring. (ECF No. 9 at 2–3.)

On June 24, 2026, CO Mikula provided false information in the disciplinary log about Plaintiff. The false report stated that Plaintiff possessed a "baton" and a sharpened toothbrush on June 23, 2026. Lt. Bucholtz was responsible for approving the infraction report because she was present for the cell search and was shown all of the contraband. Plaintiff asserts that if anything had been taken from his cell that was fashioned as a weapon, Lt. Bucholtz would have directed one of the pod officers on second or third shift to write the infraction, not CO Mikula. Plaintiff contends that, had he been in possession of a fashioned weapon, the item would have been preserved for the hearing officer to establish guilt, for the sheriff's office, and/or for the court. (*Id.* at 3–4.)

Jail Administrator Amy Vaughn recommended, upon referral, for Plaintiff's sentencing judge to revoke Plaintiff's electronic monitoring release. The referral was sent before Plaintiff's appeal was reviewed by Captain Scardino. Plaintiff asserts that Defendants did not rely on DVR

review in determining Plaintiff's guilt. Plaintiff was placed on administrative segregation and cell restriction. Plaintiff's sentencing judge revoked Plaintiff's electronic monitoring and Huber release. Plaintiff seeks monetary damages. (*Id.* at 4–5, 7.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Defendants violated his constitutional rights by not immediately releasing him from custody on electronic monitoring once he obtained a phone and stable housing. As the Court explained in its August 4, 2026, screening order, "no court has held that the Fourth Amendment compels the release of sex offenders who lack lawful and approved living arrangements." *Smith v. Anderson*, 874 F.3d 966, 968 (7th Cir. 2017) (citing *Brown v. Randle*, 847 F.3d 861, 864 (7th Cir. 2017)). Even though Plaintiff disputes that he should be on the sex offender registry, the Court cannot infer that Defendants violated Plaintiff's constitutional rights by verifying information with DOC-SORP before releasing Plaintiff on electronic monitoring.

Plaintiff also asserts that Defendants violated his right to equal protection. "To state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). "A plaintiff asserting an equal protection claim must allege specific facts substantiating his belief that the defendant singled him out as a member of a group at least in part for the purpose of causing

an adverse effect on the group." *Thomas v. Hill*, 963 F. Supp. 753, 756 (N.D. Ind. 1997) (citations omitted). Plaintiff alleges that Defendants discriminated against him for his past convictions and alleged jail conduct, which impacted his release to electronic monitoring. Although Plaintiff alleges he was treated unfairly, the amended complaint contains no allegations from which the Court can infer that Defendants acted with the necessary motive to state an equal protection claim. *See id.* ("Unfair treatment of the plaintiff as an individual does not violate the clause."). In short, Plaintiff has failed to state an equal protection claim.

Plaintiff further claims that he was denied due process during his disciplinary hearing. To state a Fourteenth Amendment due process claim, a plaintiff must allege that (1) he was deprived of a constitutionally protected liberty interest and (2) the procedures he was afforded were constitutionally deficient. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). The protections of the due process clause only apply to prison disciplinary proceedings that result in extended prison sentences or the disciplinary confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 964–65 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court looks at the "combined import" of the duration of the confinement and the conditions endured. *Id.* (citing *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). Once a liberty interest has been invoked, the Court looks to what process was due. *Id.* at 965–66. An inmate who is facing transfer to disciplinary confinement is entitled to "informal, nonadversarial due process" with substantial discretion and flexibility left to prison administrators. *Id.* (citing *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires only that an inmate be provided (1) "notice of the reasons for the inmate's placement" in confinement and (2) "an opportunity to present his views." *Id.*

In this case, Plaintiff was placed in administrative segregation and received cell restrictions. Plaintiff does not allege any specific facts about the conditions of his confinement. The fact that he received administrative segregation and cell restrictions is not, on its own, sufficient to trigger a liberty interest. *See id.* at 964 (noting that, under Seventh Circuit precedent, six months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009))). Plaintiff has failed to establish facts from which the Court can reasonably infer that Plaintiff had a constitutionally protected liberty interest. Therefore, Plaintiff has failed to state a Fourteenth Amendment due process claim.

Plaintiff's claim for damages based on his prolonged confinement is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state prisoner cannot bring a claim for damages under 42 U.S.C. § 1983 if the claim "calls into question the lawfulness of his confinement, unless he can demonstrate that the underlying confinement has been invalidated through a direct appeal, postconviction relief, or some other means." *Hatcher v. Saldana*, No. 21-3104, 2022 WL 17668178, at *1 (7th Cir. Dec. 14, 2022). Plaintiff seems to challenge the revocation of his electronic monitoring and Huber release. However, "no state or federal court has invalidated his confinement." *Id.* Therefore, Plaintiff cannot proceed on his claim for damages based on the fact that the sentencing judge revoked Plaintiff from being monitored electronically.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's Fourth Amendment claim to be immediately released from custody, equal protection claim, and due process claim are **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for damages based on his prolonged confinement is **dismissed without prejudice** because it is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

**IT IS FURTHER ORDERED** that the Clerk of Court terminate the action and enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 24, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.